[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Mary Ann Robertson, has filed a complaint against the defendant, Rudolph E. Burger, for injuries arising out of a motor vehicle accident. The defendant filed a motion for summary judgment based on the fact that the statute of limitations (General Statutes § 52-584) expired before the plaintiff brought this action. The plaintiff argues that she satisfied the statute by delivering the papers to the sheriff prior to the limitation date.
General Statutes § 52-584 states in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained. . . ."
In the present case, the accident of which the plaintiff complains occurred on November 16, 1995. The defendant was served on November 20, 1997 and the action was filed on December 3, 1997. At first blush, therefore, it appears that the statute of limitations expired prior to the plaintiff commencing her action.
General Statutes § 52-593a(a) states that "a cause or CT Page 2612 right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." Section (b) of the same statute requires that "[i]n any such case[,] the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section." See generally, Lacassev. Burns, 214 Conn. 464, 572 A.2d 357.
Here, the plaintiff attaches to her opposition to the motion for summary judgment a copy of the return, signed under oath by Deputy Sheriff Fausto Carusone. Carusone states: "On November 13, 1997, a [w]rit, [s]ummons and [c]omplaint citing Rudolph E. Burger as defendant, and Mary Ann Robertson as plaintiff [were] delivered to me for service."
November 13, 1997 is less than two years after November 16, 1995. There is no question, therefore, that the plaintiff has satisfied the requirements of General Statutes § 52-593a. The defendant's motion for summary judgment is denied.[1]
So Ordered.
D'ANDREA, J.